# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

SANDRA D. CARR,

      Debtor.

Case No. 06-11472-RGM
(Chapter 13)

## MEMORANDUM OPINION

The question presented in this case is whether a creditor may charge a debtor a fee for filing the required response to the chapter 13 trustee's Notice of Final Cure Payment required by Fed.R.Bankr.P. 3002.1(g).

The debtor filed her chapter 13 case on December 6, 2006, and successfully completed her plan. At the commencement of the case, she was in arrears in the payment of her home mortgage. The arrearage was cured during the course of her case. In accordance with Rule 3002.1(f), which became effective December 1, 2011, the chapter 13 trustee filed his Notice of Final Cure Payment. The creditor's response to the chapter 13 trustee's notice showed that the debtor had cured the default on the creditor's mortgage and was current with respect to all post-petition mortgage payments. In fact, the creditor filed two responses. One was on the prescribed form, Form B10 (Supplement 2), "Notice of Postpetition Mortgage Fees, Expenses and Charges," and filed in the claims register as a supplement to the proof of claim. The second was filed as a pleading in the court's docket and titled "Response to Notice of Final Cure Payment". Both were prepared and filed by counsel for the creditor. Counsel stated that in preparing the documents, she reviewed the debtor's loan history and the pre-petition arrearage to determine whether all cure payments had been made as required and prepared the two documents. The creditor asserted an additional fee of

1

$150.00 for the preparation of the two documents. The trustee objected to the additional fee.

Administration of home mortgages of debtors in bankruptcy and post-petition fees have caused considerable problems over the years. For example, some creditors did not advise debtors of the change in loan payments when escrow requirements or adjustable rate mortgage payments changed. The resulting insufficient payments caused some creditors to file a motion for relief from the automatic stay asserting a post-petition default and others, if no action was taken during the case, to assert an arrearage after a debtor faithfully completed his plan over the requisite three- or five-year period. Needless to say, in the latter instance, a post-petition arrearage as of completion of a chapter 13 plan did not effectuate one of the goals of chapter 13, to provide a means to cure mortgage arrearages. Neither the debtor nor the creditor was well served in such circumstances. *See In re Wright,* 461 B.R. 757 (Bankr.N.D.Iowa 2011) (Sanctions sought in connection with change in loan payment). Some debtors sought to avoid these problems by seeking to impose requirements in the chapter 13 plan on lenders to provide information during the pendency of the case or be barred from asserting any additional fees or post-petition default. In many instances, these additional requirements were not allowed. *See In re Duke*, 447 B.R. 365 (Bankr.M.D.Ga. 2011); *In re Jackson*, 446 B.R. 608 (Bankr.N.D.Ga. 2011). Creditors faced the request for sanctions at the conclusion of cases arising from these loan administration problems. *See In re Mattox*, 2011 WL 3626762 (Bankr.E.D.Ky. 2011) (ten-count complaint against a servicer relating to post-petition charges).

In recognition of the difficulties, the Supreme Court promulgated Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. The rule requires notice of payment changes and other charges and provides a procedure to draw a bright line at the conclusion of a case as to any amounts that may remain due to a creditor relating to the cure payments or payments due on a mortgage during the

pendency of the chapter 13 case. The latter process starts with the chapter 13 trustee filing a Notice of Final Cure Payments. Rule 3002.1(f). The creditor must respond to that notice by acknowledging that it is correct, or if it is not correct, stating with particularity the amounts that remain unpaid. Rule 3002.1(g). If the debtor or the trustee contests the creditor's claim for unpaid amounts, the debtor or the trustee must file a motion to determine whether the debtor has cured the default and paid all required payments and fees. Rule 3002.1(h).

That procedure was followed in this case. The parties agree that the debtor cured her pre-petition arrearage and made all post-petition payments through January 26, 2012. However, the creditor claims a post-petition fee of $150 for preparing its response to the trustee's notice.

Through an apparent abundance of caution, the creditor responded to the trustee's notice twice, once by filing both a supplement to its proof of claim on the Official Form and a second time by filing a pleading. Both recite the same information. The purpose of Rule 3002.1 was to provide a prompt, efficient, and cost-effective means to determine whether there is a question as to the status of a debtor's home loan at the conclusion of the chapter 13 case. This was done by requiring the trustee to file an initial statement and the creditor to file a response. This response is not a pleading. It is a supplement to the creditor's proof of claim and is filed in the claims registry not on the court's docket. It is simply a statement by the creditor as to the status of the loan at the conclusion of the chapter 13 plan. This can be derived simply and quickly from the creditor's records and poses no significant burden on the creditor. This is a business function that can be done by a claims administrator in the creditor's own office. It is akin to issuing a receipt for payments received under the chapter 13 plan and during the course of the chapter 13 case or providing an annual escrow statement. Its preparation is not the practice of law. No legal analysis is generally required. An

3

attorney need not sign it. No additional pleading is required and none should be filed on the court's docket in response to the trustee's notice. No additional fee is permitted to satisfy the creditor's response requirement under Rule 3002.1(g).

If the trustee or debtor contests the creditor's response to the chapter 13 Notice of Final Cure Payment, the matter becomes a contested matter and would proceed as any other contested matter. The creditor is entitled to legal representation in that instance, and, if the underlying loan documents and non-bankruptcy law permit the recovery of attorney's fees and the Bankruptcy Code does not prohibit those fees, attorney's fees in successfully defending the creditor's response to the trustee's Notice of Final Cure Payment would be recoverable. That was not the case here and the document prepared by the attorney and filed in this case was an unnecessary pleading for which the creditor will not be reimbursed for its legal fees.

The court has no doubt that the creditor and counsel in this case were acting in good faith and were trying to determine what is required and necessary to comply with the new Bankruptcy Rule. The only thing necessary is for the creditor to respond to the trustee's Notice of Final Cure, that is, complete Official Form 10 (Supplement 2), "Notice of Postpetition Mortgage Fees, Expenses and Charges", and file it as a supplement to its proof of claim. This document is easily prepared from the lender's own records and simply filed through the claims registry. No fee will be permitted for preparing this statement whether the creditor is in agreement or disagreement with the trustee's notice; whether all post-petition payments have been made or there is a post-petition default; or whether there are unpaid post-petition fees.

Conclusion

The objection to the creditor's response to the trustee's Notice of Final Cure Payment is sustained and the additional claim of $150.00 is disallowed. The debtor has made all payments required under her chapter 13 plan and the mortgage loan was current as of January 26, 2012.

Alexandria, Virginia
March 19, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Abby K. Moynihan
Counsel for Creditor

Tommy Andrews, Jr.
Counsel for Debtor

Thomas P. Gorman
Chapter 13 Trustee

17594